IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                    No. CV 16-00771 RB/LAM
                                                           No. CR 13-02163 RB

EDWARD ALONSO,

    Defendant/Movant.


**MEMORANDUM OPINON AND ORDER OF DISMISSAL**

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1, 9; CR Doc. 42, 49). The Court will dismiss Alonso's Motion on the grounds that (1) the Motion is untimely and (2) in light of the U.S. Supreme Court's decision in *Beckles v. United States,* 580 U.S. ___, No. 15-8544, slip op (March 6, 2017)*,* Alonso is clearly ineligible for relief.

Alonso was indicted on counts of burglary, possession of a controlled substance, and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (CR Doc. 18). He pled guilty to the indictment without a written plea agreement. (CR Doc. 28). Alonso's sentence was enhanced under the Sentencing Guidelines § 2K2.1 based on a prior felony crime of violence as defined in USSG § 4B1.2. PSR at ¶ 13. Alonso sought a downward departure under USSG  § 5G1.3from his sentencing guidelines advisory range of 57 to 71 months based on a state court sentence. (CR Doc. 32). He was sentenced on April 15, 2014, to a term of

1

incarceration of 49 months and 26 days, to be served concurrent with the state sentence. (CR Doc. 41). Alonso filed his § 2255 motion on July 5, 2016 (CV Doc. 1; CR Doc. 42) and an amended motion on September 12, 2016 (CV Doc. 9; CR Doc. 49).

Alonso seeks collateral review of his sentence under 28 U.S.C. § 2255. Section 2255 provides:

> "A prisoner in custody under a sentence of a court established by
> Act of Congress claiming the right to be released upon the ground
> That the sentence was imposed in violation of the Constitution or
> Laws of the United States, or that the court was without jurisdiction
> To impose such sentence, or that the sentence was in excess of the
> Maximum authorized by law, or is otherwise subject to collateral
> Attack, may move the court which imposed the sentence to vacate,
> Set aside or correct the sentence."

28 U.S.C. § 2255(a). Section 2255(f) sets out the statute of limitations governing motions for collateral review of convictions and sentences:

> "A 1-year period of limitation shall apply to a motion under this
> section. The limitation period shall run from the latest of—
>
>> (1) the date on which the judgment of conviction becomes
>> final;
>> (2) the date on which the impediment to making a motion
>> created by governmental action in violation of the
>> Constitution or laws of the United States is removed,
>> if the movant was prevented from making a motion by such
>> governmental action;
>> (3) the date on which the right asserted was initially recognized
>> by the Supreme Court, if that right has been newly recognized
>> by the Supreme Court and made retroactively applicable to cases
>> on collateral review; or
>> (4) the date on which the facts supporting the claim or claims
>> presented could have been discovered through the exercise of
>> due diligence.

Alonso did not appeal from the judgment of conviction. Absent a direct appeal or other proceeding attacking his conviction or sentence, Alonso's judgment of conviction became final

on April 29, 2014, and his July 1, 2016 filing is untimely for purposes of 28 U.S.C. § 2255(f)(1). *Clay v. United States*, 537 U.S. 522, 524 (2003).

Movant Alonso is proceeding under a theory that his sentence should be vacated based on *Johnson v. United States,* 135 S.Ct. 2551 (2015), and that the 1-year limitation period applicable to his claim is the period under § 2255(f)(3). The *Johnson* decision was handed down by the Supreme Court on June 26, 2015 and the deadline for filing a § 2255 motion based on *Johnson* was June 27, 2016 (June 26, 2016 was a Sunday and under Fed. R. Civ. P. 6(a)(1)(C), the time was extended to Monday, June 27). Alonso's Motion Under 28 U.S.C. §§ 2255 was not filed until July 1, 2016, more than one year after the Supreme Court's decision in *Johnson* and contains no certification that would give him the benefit of the prisoner mailbox rule. *See Price v. Philpot,* 420 F.3d 1158, 1165-67 (10th Cir.2005); *United States v. Ceballos–Martinez,* 387 F.3d 1140, 1143-46 (10th Cir.2004).

Alonso's Motion is also untimely under either § 2255(f)(1) or § 2255(f)(3). A pleading may be subject to dismissal when an affirmative defense, such as statute of limitations, appears on the face of the complaint or petition. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009). Because the untimeliness of Alonso's Motion appears on the face of the filing, the Court may dismiss his § 2255 Motion on the grounds of untimeliness.

Further, even if Alonso's Motion was timely, in light of the U.S. Supreme Court's decision in *Beckles v. United States,* Alonso is clearly ineligible for relief. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is impermissibly vague and imposing an increased sentence under the residual clause of 18 U.S.C. § 924(e)(2)(B) violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-2563.

Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924 (e)(2)(B). The Act defines "violent felony" to mean:

> "any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added). The *Johnson* Court struck down the italicized residual clause language of § 924(e)(2)(B)(ii) as unconstitutionally vague. 135 S.Ct. at 2555-2563. In *Beckles*, the Supreme Court declined to extend the reasoning of *Johnson* to the Sentencing Guidelines. Instead, the Court ruled that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness. *Beckles,* 580 U.S. ___, No. 15-8544, slip op at 5. Alonso challenges the enhancement of his sentence under the USSG § 2K2.1 based on a prior felony crime of violence as defined in USSG § 4B1.2. ( CV Doc. 9; CR Doc. 49; PSR at ¶ 13). Because the Sentencing Guidelines are not subject to a void-for-vagueness challenge, Alonso is clearly ineligible for relief and his Motion and Amended Motion must be dismissed under rule 4 of the Rules Governing Section 2255 Proceedings.

Also pending before the Court are the United States' Motion to Stay this proceeding pending the Supreme Court's decision in *Beckles* (CV Doc. 3; CR Doc. 43), Alonso's Motion for Extension of Time (CV Doc. 7; CR Doc. 47), and Alonso's Motion for Appointment of Counsel

(CV Doc. 8; CR Doc. 48).  The Court will deny all three pending motions as moot in light of this Memorandum Opinion and Order.

The Court further determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Alonso has failed to make a substantial showing that he has been denied a constitutional right.  The Court will deny a certificate of appealability.

**IT IS ORDERED:**

(1) the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1, 9; CR Doc. 42, 49 is **DISMISSED** under rule 4 of the Rules Governing Section 2255 Proceedings**;**

(2) the United States' Motion to Stay this proceeding pending the Supreme Court's decision in *Beckles* (CV Doc. 3; CR Doc. 43), Alonso's Motion for Extension of Time (CV Doc. 7; CR Doc. 47), and Alonso's Motion for Appointment of Counsel (CV Doc. 8; CR Doc. 48) are **DENIED** as moot; and

(3) a certificate of appealability is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE